# CIRCUIT COURT OF THE CITY OF RICHMOND

Joseph F. Grove

v.

Claiborne G. Thomasson

April 30, 1998

Case No. LB-0537-00

BY JUDGE T. J. MARKOW

The parties came and argument was heard on the Motion to Quash/Alternate Motion for a Protective Order regarding the *subpoena duces tecum* issued on March 11, 1998, to officers of the Virginia State Bar (VSB) and a subpoena for the Executive Director, Deputy Bar Counsel, and former Bar Counsel to appear for a discovery deposition. The underlying Motion for Judgment sounds in tort for defamation and a conspiracy and was submitted by the parties to mediation/arbitration by Order dated November 14, 1997.

The plaintiff sought by way of discovery the following documents from Thomas A. Edmonds, Executive Director and Chief Operating Officer of the VSB:

All documents, correspondence, notes, memoranda and recorded information of any nature whatsoever ... which in any matter refers, relates to or mentions Joseph Grove, VSB # 22520, including, but not limited to the documents, research, interviews, notes, recorded findings and all other material and things which comprise the record of bar complaints filed against Joseph Grove and investigations of such complaints omitting nothing and each and every other recorded reference to Joseph Grove.

Edmonds seeks to withhold from disclosure certain notes and memoranda made by Deputy Bar Counsel and former Bar Counsel in connection with complaints against Grove, as well as certain internal memoranda regarding the decisions made on the complaints. The plaintiff seeks all materials possessed by the VSB arising from complaints made by the defendant in this case as well as other complainants. The movant argues that these items constitute attorney work product and should be protected from discovery.

The Rules of Court provide for discovery "in civil cases in both actions at law and suits in equity" … "regarding any matter, not privileged." Rules of Va. S. Ct. 4:0(a) and 4:1(b)(1). The mental impressions, conclusions, opinions, or legal theories of an attorney prepared in anticipation of litigation are protected from discovery. Rules of Va. S. Ct. 4:1(b)(3). The Uniform Arbitration Act provides that subpoenas issued by arbitrators shall be served and enforced in the same manner as subpoenas in a civil action. Va. Code § 8.01-581.06.[1] According to the rules governing the disciplining, suspending, and disbarring of attorneys by the VSB:

[a]ll information pertaining to the investigation, disciplining, suspending, and disbarment of an Attorney shall be confidential and shall *not* be disclosed, except as follow ….
(d) Such information may be disclosed *when and to the extent confidentiality is waived by the Attorney*, and, also, by the client if such information is protected by D.R. 4-101.

Rules of Va. S. Ct., pt. 6, § IV, ¶ 13(K)(5)(d) (emphasis added). According to D.R. 4-101(A), "confidence" refers only to information protected by attorney-client privilege. The Rules make no provision for the waiver of attorney work product in the context of VSB proceedings.

[C]ourts have analyzed the [doctrine] in two contexts: fact work-product and opinion work-product … . Fact work-product may be obtained "upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." … Opinion work-product, however, can be

---

[1] While not raised by either party and not forming the basis of this decision, the court is of the opinion that § 8.01-581.06 does not permit discovery. The Code permits the issuance of subpoenas for the production of documents to be used as *evidence* and for the attendance of witnesses at arbitration hearings. As not raised, the court will analyze the plaintiff's requests in the context of the rules of discovery.

raised by both the client and the attorney and is "more scrupulously protected as it represents the actual thoughts and impressions of the attorney."

*In re Grand Jury Proceedings*, 102 F.3d 748, 750 (4th Cir. 1996) (citations omitted). In the instant case, the plaintiff seeks both fact and opinion work product.[2] The court finds that the VSB's opinion work product enjoys the *absolute* protection of the work product doctrine and may not be disclosed pursuant to ¶ 13(K)(5)(d) of the Rules. With regard to the fact work product (e.g., handwritten list of witness' names and telephone numbers), the plaintiff has not demonstrated a substantial need for the materials in the preparation of his case. The court recognizes that Grove would not be able to assemble the substantial equivalent of this list by other means without undue hardship. Nonetheless, the first requirement of "substantial need" has not been met as the great bulk of the materials sought relate to Bar complaints by persons totally unrelated to the parties to this litigation.

The plaintiff also seeks to depose Edmonds, Harry M. Hirsch (Deputy Bar Counsel), and Michael L. Rigsby (former Bar Counsel) in order to obtain an explanation of the Virginia State Bar disciplinary process. The rules and procedures (VSB Council Rules of Disciplinary Procedure and VSB Disciplinary Board Rules of Procedure), which have been made available to Grove, are certainly adequate to inform the plaintiff as to the form and substance of this process. Deposition queries on these publications would not be relevant evidence, nor would this be reasonably calculated to lead to the discovery of admissible evidence. *See* Rules of Va. S. Ct. 4:1(b)(1). Further, to the extent that the plaintiff seeks oral testimony on the mental impressions,

---

[2]    In reaching this decision, the court reviewed a "Index of Privileged Documents" prepared by the Virginia State Bar. This index described various draft and final investigative reports, handwritten notes, internal memoranda, lists of witness' names and telephone numbers, and summaries of witness meetings. Each of these items was prepared in connection with the numerous Bar complaints against Grove.

428

conclusions, opinions, or legal theories underlying the VSB's decision in his disciplinary complaint, such information is also protected by Rule 4:1(b)(3).

For the reasons stated above, it is hereby ordered that the Motion to Quash is sustained, to which ruling of the court, the plaintiff objects.